United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:15-CR-422-1 |
| | § | (2:16-CV-213) |
| ELEAZAR SANTOS SANTIBANEZ, | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255  AND ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Eleazar Santos Santibanez (Santos Santibanez ) filed a motion to vacate, set aside or
correct sentence pursuant to 28 U.S.C. § 2255. D.E. 22. The Court has reviewed the motion
and concludes that summary dismissal is appropriate because "it plainly appears from the
motion . . . and the record of prior proceedings that the moving party is not entitled to relief.
. . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District
Courts (2016) (2255 Rules). The Court dismisses his § 2255 motion (D.E. 22) for the reasons
stated herein and also denies him a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.  BACKGROUND**

Santos Santibanez was arrested in April 2015 after he was found in the brush near
Falfurrias, Texas in Brooks County. Border Patrol Agents determined that he was a citizen

1

of Mexico and was present in the United States after a previous order of removal. D.E. 15, ¶ 4.[1] He was previously deported on August 12, 2011. *Id.,* ¶ 5.  He was arrested and charged with Illegal Reentry. D.E. 6.

Santos Santibanez pleaded guilty before a federal Magistrate Judge in June 2015 to the charge of Illegal Reentry. D.E. 11, 12. The district court accepted his guilty plea based on the unobjected to recommendation of the federal Magistrate Judge. D.E. 14.

A Presentence Investigation Report (PSR) was prepared. D.E. 15. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). *Id.,* ¶ 11. His offense level was enhanced by 8 based upon his prior felony conviction for unlawful transport of firearms in the United States in 2010. *Id.,* ¶ 11. After credit for acceptance of responsibility, his total offense level was 13. *Id.,* ¶ 20. Santos Santibanez had several previous convictions resulting in 7 criminal history points and a criminal history category of IV. *Id.,* ¶¶ 22-27. His guideline range of imprisonment was calculated to be 24 to 30 months. *Id.,* ¶ 41. Counsel filed no objections to the PSR. D.E. 17.

The Court sentenced Santos Santibanez to 24 months imprisonment, a year of supervised release, no fine, and a $100 special assessment. D.E. 20. The Court advised Santos Santibanez of his right to appeal. Judgment was entered on the docket on September 10, 2015. He did not appeal. The present motion is timely.

---

[1] Docket entry references (D.E.) are to the criminal case unless otherwise specified.

## III.  MOVANT'S ALLEGATIONS

Santos Santibanez challenges  the enhancement of his offense level based upon the definition of crime of violence in 18 U.S.C. § 16(b) as unconstitutionally vague pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015).

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B.    *Johnson* Claim

*Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
> (i) has as an element the use, attempted use, or threatened use of
> physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B).

> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added).

Santos Santibanez's offense level was enhanced pursuant to the Sentencing Guidelines § 2L1.2(b)(1)(C)[2] as an aggravated felony, not a crime of violence. *Johnson*, therefore has no application. *See* D.E. 15, ¶ 12. Moreover, the Fifth Circuit rejected application of the *Johnson* holding to § 16(b). *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Santos Santibanez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

---

[2] (43) The term "aggravated felony" means–
> (C) illicit trafficking in firearms or destructive devices (as defined in section 921 of Title 18) or in explosive materials (as defined in section 841(c) of that title) . . . .

*Id.*

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Santos Santibanez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Santos Santibanez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 22; Cause No. 2:16-CV-213, D.E. 1) and DENIES him a Certificate of Appealability.

Ordered this 4th day of November 2016.

HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE